UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VALERIE BROOKS, individually and on behalf of all others similar situated,<br><br>Plaintiff,<br><br>v.<br><br>MORPHE, LLC, a Delaware limited liability company,<br><br>Defendant. | No. 2:20-cv-1219 KJM DB<br><br>ORDER |

This matter came before the undersigned on February 12, 2021, pursuant to Local Rule 302(c)(19), for hearing of plaintiff's motion for default judgment. (ECF No. 19.) Attorney Robert Dart appeared via Zoom on behalf of the plaintiff. No appearance was made by, on behalf of, the defendant. At that time, oral argument was heard and the motion was taken under submission.

As noted at the February 12, 2021 hearing, plaintiff's motion is defective in several respects, specifically as it pertains to the relief sought. In this regard, plaintiff's complaint states it is a "CLASS ACTION COMPLAINT." (Compl. (ECF No. 10 at 1.[1]) The motion for default

---

[1] Page number citations such as this are to the page number reflected on the court's CM/ECF system and not to the page numbers assigned by the parties.

1

1    judgement states that "[p]laintiff starts her demand at $5,000,000 million" in damages based on
2    the assumption "that only a California class gets certified[.]" (Pl. Mem. & Sup. (ECF No. 17) at
3    9.)
4          At the February 12, 2021 hearing, however, plaintiff's counsel acknowledged that no class
5    had been certified in this action. "'In cases in which the district courts have entered a default
6    judgment against a defendant and no class has been certified, only named plaintiffs can recover
7    damages.'" Cortes v. National Credit Adjusters, L.L.C., No. 2:16-cv-0823 MCE EFB, 2017 WL
8    3284797, at *2 (E.D. Cal. Aug. 2, 2017) (quoting Whitaker v. Bennett Law, PLLC, No. 13-cv-
9    3145 L(NLS), 2014 WL 5454398, at *3 (S.D. Cal. Oct. 27, 2014)); see also Partington v.
10   American Intern. Specialty Lines Ins. Co., 443 F.3d 334, 341 (4th Cir. 2006) ("although a default
11   judgment has the effect of deeming all factual allegations in the complaint admitted, it does not
12   also have the effect of 'admitting' the independent legal question of class certification"); Davis v.
13   Hutchins, 321 F.3d 641, 649 (7th Cir. 2003) ("Allowing certification by default or because the
14   defendant has admitted that the class exists, with no independent analysis or determination by the
15   district judge, would remove this important protection.").[2]
16         As to plaintiff Valerie Brooks, California's Unruh Act provides that a plaintiff subjected
17   to discrimination is entitled to recover $4,000 for each occasion on which the plaintiff was denied
18   equal access. Cal. Civ. Code § 52(a). "A plaintiff is denied full and equal access only if the
19   plaintiff personally encountered the violation on a particular occasion, or the plaintiff was
20   deterred from accessing a place of public accommodation on a particular occasion." Cal. Civ.
21   Code § 55.56(b).
22         Here, the complaint refers vaguely to "Plaintiff's numerous visits to Defendant's website,"
23   including an attempt "[r]ecently in 2020[.]" (Compl. (ECF No. 1) at 8, 9.) And plaintiff's
24   memorandum in support of default judgment also asserts that "Plaintiff has visited Defendant's
25   website numerous times, including in 2020." (Pl.'s Mem. & Supp. (ECF No. 17) at 3.) But
26   ////

---

[2] Pursuant to the Local Rules a motion for class certification would need to be noticed for hearing before the assigned District Judge.

neither document provides a specific number of visits or the dates of those visits. And plaintiff did not file a declaration in support of the motion for default judgment.

At the February 12, 2021 hearing plaintiff's counsel also stated that plaintiff was requesting injunctive relief. Plaintiff's memorandum in support, however, does not mention injunctive relief. Thus, it is not clear what specific injunctive relief plaintiff seeks.

Plaintiff is also advised that for an ADA plaintiff to establish Article III standing to pursue injunctive relief, plaintiff must demonstrate the threat of a future repeated injury is real and immediate. Chapman v. Pier 1 Imports (U.S.) Inc., 631 F.3d 939, 946 (9th Cir. 2011). To demonstrate sufficient likelihood of future harm, a plaintiff can establish that plaintiff intends to return to a noncompliant place of public accommodation where plaintiff is "likely to reencounter a discriminatory architectural barrier." Id. at 950. Alternatively, a plaintiff can show that the "discriminatory architectural barriers deter him from returning to a noncompliant accommodation," but that plaintiff would return if the barriers were removed. Id. It is not apparent that any of plaintiff's briefing satisfies the standing requirement.

**CONCLUSION**

For the reasons set forth above, IT IS ORDERED that plaintiff's October 16, 2020 motion for default judgment (ECF No. 13) is denied without prejudice to renewal of a motion that cures the defects noted above.

Dated: February 15, 2021

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:6
DB\orders\orders.civil\brooks1219.mdj.den.ord

3