1
2
3
4
5
6
7
8              UNITED STATES DISTRICT COURT

9          FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   VALERIE BROOKS, individually and on        No.  2:20-cv-1219 KJM DB
     behalf of all others similarly situated,
12

13                  Plaintiff,                   ORDER

14        v.

15   MORPHE, LLC, a Delaware limited
     liability company,
16

17                  Defendant.

18

19          On September 12, 2022, plaintiff filed a renewed motion for default judgment and noticed

20   the matter for hearing before the undersigned on December 2, 2022, pursuant to Local Rule

21   302(c)(19).  (ECF Nos. 31 & 35.)  Plaintiff's motion seeks default judgment on claims that the

22   defendant violated the Americans with Disabilities Act ("ADA") and the California Unruh Civil

23   Rights Act.  Having reviewed plaintiff's briefing, the undersigned will deny the motion without

24   prejudice to renewal.[1]

25          In this regard, plaintiff filed the complaint in this action on June 17, 2020.  (ECF No. 1.)

26   The complaint is a class action complaint brought by plaintiff individually and on behalf of all

27   _____

28   [1] Pursuant to Local Rule 230(g) the undersigned finds the matter suitable for resolution without a
     hearing.

1

1    other similarly situated for alleged violations of the Americans with Disabilities Act and the

2    California Unruh Civil Rights Act.  On October 16, 2020, plaintiff filed a motion for default

3    judgment.  (ECF No. 13.)  On February 16, 2021, the undersigned denied that motion without

4    prejudice to renewal.   (ECF No. 20.)

5        In the February 16, 2021 order the undersigned advised plaintiff that the motion for

6    default was "defective in several respects[.]"  (Id. at 1.)  One of those defects was plaintiff's

7    reliance on vague factual allegations concerning plaintiff's "numerous visits to Defendant's

8    website" including a "2020" visit.  (Id. at 2.)  The undersigned went on to advise plaintiff that

9    neither the complaint nor motion for default judgment provided "the dates of" plaintiff's visits.

10   (Id.)  And that plaintiff failed to "file a declaration in support of the motion for default judgment."

11   (Id.)

12       Nonetheless, plaintiff has again failed to file a declaration in support of the renewed

13   motion for default judgment.  And the renewed motion for default judgment again relies simply

14   on the vague and conclusory allegation that plaintiff "visited Defendant's website numerous

15   times, including in 2020."  (Pl.'s MDJ (ECF No. 31) at 9.)

16       It is true that upon entry of default the complaint's factual allegations regarding liability

17   are taken as true.  Dundee Cement Co. v. Howard Pipe & Concrete Prods., 722 F.2d 1319, 1323

18   (7th Cir. 1983).  However, it is also true that the court need not accept as true conclusory

19   allegations.  Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).  Here, plaintiff

20   has again offered only a conclusory allegation devoid of evidentiary support.

21                                **CONCLUSION**

22       For the reasons set forth above, IT IS HEREBY ORDERED that:

23       1.  Plaintiff's September 12, 2022 motion for default judgment (ECF No. 31) is denied

24   without prejudice to renewal of a motion that cures the defects noted above; and

25       2.  The December 2, 2022 hearing of defendant's motion is vacated.

26   DATED: November 29, 2022                    /s/ DEBORAH BARNES
                                                 _____
27                                               UNITED STATES MAGISTRATE JUDGE
     DLB:6
28   DB\orders\orders.civil\brooks1219.mdj.den2.ord

                                         2